Fer curiam

The deposition, though certified to have been taken in the proper county, might not have been taken at the place appointed by the notice, and for ought “we know to the contrary, the adverse party may have gone to the place appointed on that day. Were we to allow of the reading of this deposition, we should establish a precedent which would put it in the power of a man to deprive his adversary of the benefit of cross-examination whenever he pleased. As to what the counsel urges, that we ought to presume the deposition to have been taken at the proper place, unless the adverse party will show the contrary — how is he to get his witnesses from South Carolina, to prove him to have been present on the day and piare appointed by the notice ? Or how is he to know, after having been at the place appointed where no deposition was taken, that the deposition had been taken at another place? He may not know of this until the deposition is produced on the trial, and then it is too late to prepare the necessary proof. The deposition was rejected.
Note.— Vide Alston v. Taylor, post 394, in the note. Sur: Part’s. of Mc Naughton & Co. v. Lester, post 421.